**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samuel Antonio HERNANDEZ–CAS-TRO, a.k.a. Samuel Hernandez–Castro, Defendant–Appellant.**

**No. 15–10083.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 30, 2016.*

Filed April 1, 2016.

Erica Leigh Seger, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John Lovell, John William Lovell, Tucson, AZ, Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, FARRIS, and CANBY, Circuit Judges.

MEMORANDUM **

Samuel Hernandez–Castro appeals from the district court's judgment and challenges the 60–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez–Castro contends that the district court procedurally erred at sentencing by not addressing his argument in mitigation and failing to explain the reasons for his sentence. Because Hernandez–Castro did not object on these grounds below, we review for plain error. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010); *United States v. Dallman,* 533 F.3d 755, 761–62 (9th Cir.2008).

The record shows that the district court listened to defense counsel's mitigation argument as well as Hernandez–Castro's own statement regarding his prior conviction for sexual abuse of a minor. The court calculated the Sentencing Guidelines range and imposed a sentence at the lower end of that range. Hernandez–Castro offers no evidence or argument that there is a reasonable probability that the sentence would have been lower if the court had explicitly addressed his mitigation argument and provided more explanation for the sentence. Thus, Hernandez–Castro

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

has not shown that his substantial rights were affected, and so he has not met the plain error test. *See Dallman,* 533 F.3d at 761–62.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.